IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY D. MOSBY ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 23-cv-3153-SMY |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jeremy D. Mosby filed a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1). Now pending before the Court is the Government's Motion to Dismiss (Doc. 5), which Mosby opposes (Doc. 6). For the following reasons, the Government's motion is **GRANTED** and Mosby's habeas petition is **DENIED with prejudice**.

**Factual and Procedural Background**

Mosby pleaded guilty to being a felon in possession of a firearm and was sentenced on July 15, 2021, to 63 months' imprisonment and 3 years of supervised release. *United States v. Mosby*, Case No. 20-30070-SMY, Doc. 60. Judgment was entered on August 3, 2021. Mosby did not appeal his sentence or conviction. *Id.* at Doc. 64; Doc. 5-1, pp. 8-9.

Mosby filed this action under 28 U.S.C. § 2255 on September 20, 2023, seeking collateral review of his sentence and asserting relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019) and ineffective assistance of counsel. The Government moves to dismiss asserting that Mosby's plea waiver bars his *Rehaif* claim and that his Petition is untimely.

**Discussion**

Section 2255(f) imposes a 1-year period of limitations for the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on August 3, 2021, and Mosby did not appeal his conviction. The Judgment became final 14 days after it was entered, and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); Fed.R.App.P. 4(b)(1)(A).

The § 2255 limitation period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). "Equitable tolling is an extraordinary remedy" and "is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Mosby does not provide any justification for filing his petition over a year after the expiration of the one-year statute of limitations, nor does he establish that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

Accordingly, the Government's motion is **GRANTED** and Mosby's petition is **DENIED**. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This

requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Mosby has not demonstrated that reasonable jurists would disagree with the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED: March 14, 2024**

**STACI M. YANDLE**
**United States District Judge**